Matter of Smits (2022 NY Slip Op 04810)

Matter of Smits

2022 NY Slip Op 04810

Decided on August 3, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
ROBERT J. MILLER, JJ.

2021-08264

[*1]In the Matter of Ann Marie Palermo Smits, also known as Annmarie P. Smits, an attorney and counselor-at-law. (Attorney Registration No. 2661353)

The respondent, Ann Marie Palermo Smits, was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 5, 1995. By letter dated November 15, 2021, the Grievance Committee for the Tenth Judicial District notified this Court of an order of the Supreme Court of New Jersey, dated September 9, 2021, which censured the respondent, under the name Annmarie P. Smits, based upon a finding of professional misconduct. By order to show cause dated December 2, 2021, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13, imposing discipline upon her for the misconduct underlying the discipline imposed by the order of the Supreme Court of New Jersey, dated September 9, 2021.

Catherine A. Sheridan, Hauppauge, NY (Stacey J. Sharpelletti of counsel), for Grievance Committee for the Tenth Judicial District.
Richard M. Maltz, PLLC, New York, NY, for respondent.

PER CURIAM.

OPINION & ORDER
By order dated September 9, 2021, the Supreme Court of New Jersey censured the respondent, under the name Annmarie P. Smits, based upon a finding of professional misconduct. By letter dated November 15, 2021, the Grievance Committee for the Tenth Judicial District notified this Court of the order of the Supreme Court of New Jersey.
New Jersey Proceedings 
On February 10, 2021, the Disciplinary Review Board of the Supreme Court of New Jersey (hereinafter the DRB) issued a decision following an investigation of the respondent by the New Jersey Office of Attorney Ethics (hereinafter the OAE). The decision was based upon a February 21, 2020 stipulation between counsel for the OAE and the respondent, wherein the respondent admitted that she violated rule 8.4(b) of the New Jersey Rules of Professional Conduct by committing a criminal act that reflects adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer. The DRB's decision was based upon the following agreed-upon facts, as provided by the parties' stipulation:
On February 2, 2018, the respondent was attempting to secure her legally owned 9 millimeter semiautomatic handgun for transport when it inadvertently discharged. The discharged round, which traveled through a wall in the respondent's home, struck a minor child in the right thigh and buttock. After examining the minor's wound, the respondent cleaned it, and wrapped it with a sweatshirt that had been on the floor, but failed to summon medical or emergency assistance.
Thereafter, the respondent telephoned her former husband, Wouter Smits, who is a [*2]part-time emergency medical technician and surgical technician, to ask him to examine the minor's wound. Wouter, however, did not answer the telephone and the respondent left a voice message which failed to reveal that the minor had been shot. When Wouter returned the respondent's call approximately 35 minutes later, the respondent informed him of the gun's discharge and the injury to the minor. Wouter replied that he would examine the wound after he went to Home Depot to purchase painting supplies for the respondent's new home.
Approximately 1 hour and 25 minutes after the minor had been injured, Wouter arrived and examined the minor, at which time Wouter determined that the wound likely required stitches. Despite this, the respondent still did not seek medical care for the minor.
Subsequently, more than two hours after the firearm had been discharged, the Wayne police arrived at the residence to perform a welfare check after being informed of the incident by a friend of the minor who had observed a social media post wherein the minor revealed that the respondent had shot him. The respondent admitted to the police that she had accidently shot the minor, and claimed that she had been preparing to take the minor to the hospital. The police, after examining the minor's wound, observed that it was still bleeding and called an ambulance. The ambulance ultimately arrived almost 2½ hours after the initial injury.
The respondent and Wouter were both charged with second-degree endangering the welfare of a child (see NJ Stat Ann § 2C:24-4[a]), and fourth-degree abuse or neglect (see id. § 9:6-1), based upon their failure to obtain proper medical care for the minor. Thereafter, upon consent of the Passaic County Prosecutor's Office, the respondent entered a two-year pretrial intervention program after which, by order of the Superior Court of New Jersey, dated May 7, 2020, the criminal charges against the respondent were dismissed.
The DRB decision further noted that the parties' stipulation included the respondent's admission to violating rule 8.4(b) of the New Jersey Rules of Professional Conduct by failing to immediately obtain medical attention for the minor after she accidently shot him; that no aggravating factors existed; and that, in mitigation, she had no prior disciplinary history in 26 years of practice, that she promptly and readily admitted her misconduct, both criminally and to the OAE, and that her misconduct was an isolated incident and unlikely to reoccur.
By order dated September 9, 2021, the Supreme Court of New Jersey censured the respondent based upon the foregoing conduct.
Order to Show Cause 
By order to show cause dated December 2, 2021, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13, imposing discipline upon her for the misconduct underlying the discipline imposed by the order of the Supreme Court of New Jersey, dated September 9, 2021.
The respondent submitted an affidavit wherein she does not contest the underlying misconduct forming the basis of the order of the Supreme Court of New Jersey, dated September 9, 2021, but contends that the appropriate level of sanction is an Admonition. Among other things, the respondent states that in hindsight her failure to seek immediate medical care for the minor was "baffling." The respondent avers that her failure to do so was a product of her having been "upset and in shock," which she contends was further exacerbated by the fact that neither Wouter nor the minor were "panicking over the wound."
In mitigation, the respondent requests the Court to consider, among other things, that when the police arrived she had been preparing to bring the minor to the hospital; that her conduct was aberrational and unintentional; that she is remorseful and acknowledges her poor judgment; and her history of pro bono and other charitable activities.
Conclusion 
Based on the foregoing, we find that the imposition of reciprocal discipline is warranted, and conclude that the respondent should be publicly censured based on the misconduct underlying the discipline imposed by the order of the Supreme Court of New Jersey, dated September 9, 2021.
LASALLE, P.J., DILLON, DUFFY, BARROS and MILLER, JJ., concur.
ORDERED that, pursuant to 22 NYCRR 1240.13, the respondent is publicly censured.
ENTER:
Maria T. Fasulo
Clerk of the Court